**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4404**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AARON L. COSNER,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, Senior District Judge. (1:11-cr-00010-IMK-MJA-1)

Submitted: October 25, 2017                Decided: November 7, 2017

Before TRAXLER, KEENAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West Virginia, for Appellant. Zelda Elizabeth Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aaron L. Cosner appeals his 12-month prison sentence imposed upon revocation of his supervised release. On appeal, Cosner's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether Cosner's sentence was reasonable. Cosner has filed a pro se supplemental brief also challenging his sentence. The Government has declined to file a response brief. For the reasons that follow, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence "unless it falls outside the statutory maximum or is otherwise plainly unreasonable." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted). In considering whether a revocation sentence is plainly unreasonable, we first consider whether the sentence is procedurally and substantively unreasonable, applying the same general considerations employed in our review of original sentences. *United States v. Crudup*, 461 F.3d 433, 438-39 (4th Cir. 2006). Only if we find the sentence unreasonable will we consider whether it is "plainly" so. *Id.* at 439.

A revocation sentence is procedurally reasonable if the district court considers the policy statements in Chapter Seven of the Sentencing Guidelines and the applicable 18 U.S.C. § 3553(a) (2012) factors and adequately explains the sentence imposed. *See* 18 U.S.C. § 3583(e) (2012); *United States v. Thompson*, 595 F.3d 544, 546-47 (4th Cir. 2010). A revocation sentence is substantively reasonable if the district court stated a

2

proper basis for concluding that the defendant should receive the sentence imposed. *Crudup*, 461 F.3d at 440. The court "must provide a statement of reasons for the sentence imposed," although the explanation "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." *Thompson*, 595 F.3d at 547 (internal quotation marks omitted). The sentence must be "sufficient, but not greater than necessary" to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a). "A sentence within the policy statement range is presumed reasonable, though the sentencing court retains broad discretion to impose a term of imprisonment up to the statutory maximum." *Padgett*, 788 F.3d at 373 (alterations, citations, and internal quotation marks omitted).

Our review of the sentencing hearing confirms that Cosner's revocation sentence is procedurally and substantively reasonable. The district court revoked Cosner's supervised release after Cosner admitted violating the terms of his release based on a video posted on the internet depicting an individual dragged out of Cosner's car, beaten by several people, and "pistol whipped." Cosner was not involved in the assault, but was pictured in the video and remarked on the events as they transpired. In assessing the violation, the court considered the seriousness of Cosner's conduct and expressed concern over Cosner's "criminogenic thinking." The court correctly calculated a policy statement range of 7 to 13 months and, after hearing argument from defense counsel that Cosner desired to relocate after his release, imposed a within-range sentence with no further supervision.

In his pro se supplemental brief, Cosner argues that the district court did not consider allowing him to serve part of his sentence in community confinement or home detention pursuant to U.S. Sentencing Guidelines Manual § 7B1.3(c)(2) (2016). Cosner also complains that the court imposed a sentence that foreclosed his eligibility for good time credit. However, we discern no abuse of discretion in the court's decision to impose a 12-month sentence to be served entirely in prison, and we therefore conclude that Cosner has failed to rebut the presumption of reasonableness accorded his within-range sentence.[*]

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Cosner, in writing, of the right to petition the Supreme Court of the United States for further review. If Cosner requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cosner.

---

[*] Cosner also contends that counsel incorrectly advised him that the Government would seek only a 7-month revocation sentence, rather than the 13-month sentence requested at the hearing. However, unless an attorney's ineffectiveness conclusively appears from the record, ineffective assistance claims generally are not cognizable on direct appeal. *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008). Thus, in order to permit sufficient development of the record, Cosner's claim should be raised, if at all, in a 28 U.S.C. § 2255 (2012) motion. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*